Charles HEFTON, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. A. No. 4346.

United States District Court, D. Delaware.

March 16, 1972.

Charles Hefton, pro se.

## OPINION AND JUDGMENT

LATCHUM, District Judge.

This is a proceeding by petitioner, Charles Hefton ("Hefton"), a federal prisoner, brought pursuant to 28 U.S.C. § 2255, requesting the Court to vacate his sentence.[1] Hefton advanced the following three grounds for vacating his sentence: (1) that he was denied his Fourteenth Amendment due process right to a fair and impartial trial because the Court permitted the prosecutor, during his closing argument, to liken him to "another 'Charles Manson'," which characterization influenced and prejudiced the jury; (2) that he was denied his constitutional right under the Fifth Amendment against compulsory self-incrimination because the prosecutors made repeated statements to the jury to the effect that if he were innocent he would take the stand in his own defense; and (3) that the Court failed to see that the court reporter, pursuant to the statutory requirements of 28 U.S.C. § 753(b), recorded verbatim all proceedings in a federal criminal trial.

Hefton was permitted to proceed *in forma pauperis*.

After carefully considering the motion, files and records of this case, the Court concludes that there was no need to notify the United States Attorney of Hefton's motion nor to conduct a hearing on any aspect of the motion since the records "conclusively show that the prisoner [petitioner] is entitled to no relief." 28 U.S.C. § 2255.

■ Initially, the Court finds that there is no merit to petitioner's third claim alleging that the Court failed to see that the closing argument of the prosecution was recorded as required by 28 U.S.C. § 753(b). The closing arguments of all parties, including the prosecution, were recorded by the official court reporter as required by the statute. The closing arguments simply were not transcribed in a typewritten form until after Hefton's present motion was filed.[2] Petitioner's apparent confusion on this point probably stems from the following facts: (1) that the transcript with which the petitioner was initially provided in order to take an appeal did not include either the opening statement of the Government or the closing arguments of any of the parties although the

1. On February 8, 1971, Hefton and his co-defendant, John Gary Brooks, were convicted on two charges of possession of two submachine guns, which had been transferred in violation of 26 U.S.C. §§ 5811 and 5812 (1970) and which had not been registered as required by 26 U.S.C. § 5841 (1970). On March 26, 1971, the defendants were sentenced to ten years in prison on each count such sentences to run concurrently with the provision that the defendants should be eligible for parole under 18 U.S.C. § 4208(a) (2) at such time as the Board of Parole may determine.

2. Unless specifically requested, the reporters do not include opening and closing arguments when they transcribe a trial record.

transcript indicates such arguments had been made; (2) that petitioner, on November 13, 1971, wrote to the Clerk of the Court requesting, among other items, a copy of the closing arguments made to the jury at his trial;[3] and (3) that the Clerk of the Court on November 22, 1971, replied that "the arguments at the close of [the] trial were not transcribed by the court reporter."[4] It was after the present petition was filed that the Court directed the reporter to transcribe all opening and closing statements made by any party at the trial.

■ Petitioner's first and second claims are likewise totally devoid of merit. Nowhere in the entire record of the trial, including opening and closing arguments, does the Court find any references to the petitioner as "another 'Charles Manson'." Furthermore, the record is equally clear that no statement, express or implied, was made by the prosecution to the jury intimating that if Hefton were innocent of the charges he would take the stand in his own defense. Since "[t]he transcript in any case certified by the reporter shall be deemed prima facie a correct statement of the testimony taken and proceedings had,"[5] the Court concludes that these claims were fabricated by the petitioner for the purpose of the present motion.

## JUDGMENT

Finding that there is no merit to any of the allegations of the present motion, it is ordered and adjudged (a) that petitioner's motion to vacate his sentence be denied, (b) that petitioner be provided a copy of the transcript of the prosecution's opening and closing arguments and the closing arguments of defense counsel, and (c) that a certified copy of this Opinion and Judgment be sent by the Clerk of the Court to the petitioner and to the United States Attorney for the District of Delaware.

3. "Petitioner's Petition for Writ of Habeas Corpus," Pursuant To Title 28 U.S.C. § 2255, Exhibit 1.